UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| Thomas Thompson,<br><br>　　　　　Plaintiff,<br><br>　　-against- Sadowski (JT)<br><br>Jerame Sadoski, Crebe Engineering, Amir Heidari, Crebe Engines, Inc., Steven Robinson, Esq., Patrick McBurney, Esq., Brian Lamoureux, Esq.,<br><br>　　　　　Defendant(s). | Civil Case No._____<br><br>**VERIFIED COMPLAINT**<br>**FOR PREJUDGMENT WRIT OF REPLEVIN**<br>**WITHOUT NOTICE**<br>**PURSUANT TO FRCP RULE 64**<br><br>**JURY TRIAL DEMANDED** |

COMES NOW the Plaintiff, Thomas Thompson, Standing in propria persona sui juris, seeking an Order on this Emergency Complaint for Prejudgment Writ of Replevin Without Notice directing Defendant(s), and each of them, to immediately return the Plaintiff's engine for his 1994 Ford Mustang to Plaintiff pursuant to FRCP Rule 64 and based on the Plaintiff's Affidavit and corresponding *prima facie* evidence attached as exhibits to this Complaint.

## I.　JURISDICTION & VENUE

i.　28 U.S.C § 1332(a), for Diversity of Citizenship;

ii.　FRCP Rule 64(a)(b);

iii.　Venue is proper pursuant to 28 U.S.C. § 1406(a).

## II.　PARTIES

iv.　Plaintiff, Thomas Thompson, is a proper party Plaintiff who lives at 117 Paul's Path #204, Coram, New York 11727.

v.　Defendant Jerame Sadoski is a proper party Defendant who lives at 290 Sherman Farm Road, Harrisville, Rhode Island 02830.

1

vi. Defendant Crebe Engineering is a proper party corporation licensed to do business in the State of Rhode Island doing business at 290 Sherman Farm Road, Harrisville, Rhode Island 02830.

vii. Defendant Amir Heidari is a proper party Defendant who receives mail at 34 Corttis Road North, Grosvenordale, Connecticut 06255.

viii. Defendant Crebe Engines, Inc is a proper party corporation licensed to do business in the State of Rhode Island doing business at 34 Corttis Road North, Grosvenordale, Connecticut 06255.

ix. Defendant Steven Robinson, Esq. is a proper party Defendant who is licensed to practice law in the State of Rhode Island doing business at 158 Warwick Avenue, Cranston, Rhode Island 02905.

x. Defendant Patrick McBurney, Esq. is a proper party Defendant who is licensed to practice law in the State of Rhode Island doing business at Northwoods Office Park, 1301 Atwood Avenue, Suite 215N, Johnston, Rhode Island 020919.

xi. Defendant Brian Lamoureux, Esq.,. is a proper party Defendant who is licensed to practice law in the State of Rhode Island doing business at Northwoods Office Park, 1301 Atwood Avenue, Suite 215N, Johnston, Rhode Island 020919.

### III.   BACKGROUND FACTS

1. Plaintiff went into contract with Defendant Jerame Sadoski, hereinafter "Sadoski", to build an engine for his 1994 Ford GT Mustang to specifications of a 427 cubic inch Ford Competition Small Block motor. (See Exhibit "A", Specifications sheet for the customization of the engine).

2. On or about September 2020 Plaintiff paid Sadoski $7600.00 to build the engine and after the completion of the engine being built the engine was put into the Mustang.

3. On or about July 2022, the car to begin to overheat and Sadoski told Plaintiff to ship the car to Rhode Island where Roger Fortune's shop was so that he can look at it.

4. On or about October 2022, Plaintiff shipped the Mustang to Rhode Island for Sadoski to repair and modify the engine. (See Exhibit "B", the Tow Receipt for the transporting of the Mustang).

5. Sadoski told Plaintiff that the car would be repaired by November with the modifications.

6. On or about November of 2023, more than a year after Plaintiff shipped the car to Sadoski, Plaintiff was told by Sadoski that Defendant Amir Heidari, hereinafter "Heidari", had a gag order on him preventing him from entering into the building where the engine is that is owned by Sadoski to get Plaintiff's engine out. (See Exhibit "C", Affidavit from Defendant Sadoski explaining the fact that he was restricted from entering the premises where the engine was being stored).

7. Since December of 2023 and January and February of 2024 Plaintiff has been communicating with all the Defendants through emails and telephonic conversation to coordinate with them for the opportunity to retrieve the possession of his engine. (See Exhibit "D", Copies of emails and telephone recordings between Plaintiff and Defendants).

8. On or about March 28, 2024, Plaintiff got an email from Defendant Patrick McBurney, Esq, hereinafter "McBurney", Attorney for Heidari, saying "We have received your voicemail from earlier today. Additionally, we have been informed that you have attempted to contact our client (Heidari) as detailed below, we have previously attempted to work with you to resolve the alleged issues. We have requested additional information which you failed to provide. Specifically, we requested proof of purchase, proof of payment and correspondence. (See Exhibit "E", Copy of Email from Defendant McBurney).

9. On or about December 19, 2023, Plaintiff sent a copy the receipt of payment for the engine with a copy of a picture of the engine via email to Heidari's Secretary, Lindsey

Laython, and she called Plaintiff and told him she contacted Heidari and told him to contact his Attorney Defendant Brian Lamoureux, Esq., hereinafter "Lamoureax", so Heidari's Attorneys claim that Plaintiff failed to provide proof of purchase is hereby disputed by this evidence. (See Exhibit "F", Copy of email from Lindsey Layton).

10. On or about December 23, 2023, Heidari sent Plaintiff an email threatening a lawsuit against Plaintiff for fraud. (See Exhibit "G", Defendant Heidari's email threatening Plaintiff with a lawsuit).

11. On or about December 28, 2023, Plaintiff received an email from Defendant McBurney, saying that he wanted a brief email in reference to Plaintiff's communications with Sadoski.

12. On January 2, 2024, Heidari sent Plaintiff an email stating that he had received Plaintiff's email and stated that the information listed in said email was factually incorrect. Heidari claimed that he never said anything about Sadoski he also restated that he had asked Plaintiff for purchase order confirmation and proof of payment, he also said that he spoke to the owner (Sadoski) along with other information Plaintiff provided him with where he expressed to Sadoski that Plaintiff purchased an engine from Sadoski back in 2020, whereupon Plaintiff then decided to have some modifications done to the engine. According to Heidari in this email he mentioned that Sadoski recommended a good mechanic shop in Rhode Island. (See Exhibit "H", Email Defendant Heidari Sent Plaintiff dated Tuesday, January 2, 2024, at 11:52am).

13. Heidari also mentioned in that email specified above that on or about October of 2022, Plaintiff had his Mustang transferred to the repair shop where "Roger Fortune" had removed the engine and brought it to Sadoski to the do the modifications and as of that

date Plaintiff is still being charged for storage by Roger Fortune and has not been able to get a hold of Sadoski. **At the bottom of the above reference email Heidari stated that there is an additional email to follow with receipt of purchase from Crebe Engineering.** (See Exhibit "H" dated January 2, 2024, *inter alia*).

14. Therefore, it is without doubt or speculation that Defendant Heidari knew about the Plaintiff's engine being stored under the Defendant's custody and control.

15. On or about January 2, 2024, Plaintiff responded to Heidari's email saying that "after numerous email and telephone conversations Heidari did not respond to verification of his possession of the engine after photos, bill sheet of description of the engine and receipts of what Plaintiff paid for the billing and modifications, Lindsay confirmed receipt of all this information.

16. Plaintiff is the full owner of the engine he purchased and paid Defendant Jerame Sadoski to build and modify. Defendant Amir Heidari, by his own admission, knew that Plaintiff paid Sadoski to do the work on his engine, and Roger Fortune is still charging Plaintiff storage fees for the engine since October to the amount of $27,400 up to now and continuing to the completion of this action.

17. Plaintiff is entitled to the immediate possession of the 1994 Ford GT Mustang engine and car.

18. Plaintiff acquired a superior ownership interest in the engine and car by engaging in conduct set out in Plaintiff's Verified Complaint for Replevin.

19. Plaintiff never gifted, sold, or otherwise transferred that ownership interest to any other person, including the Defendants.

20. Despite Plaintiff's repeated oral and written demands for the return of the engine and car, the Defendants, and each of them, refused.

21. The property has an actual cash value of $50,000.00 and the Defendant wrongfully detains possession of it from the Plaintiff at Providence Rhode Island in Providence County.

22. The property was neither taken on an order or judgment of a Court against the Plaintiff, nor under an execution or judgment against Plaintiff or against the property.

23. The alleged cause of detention of the property, according to the best belief of the Plaintiff is that Defendant does not believe Plaintiff has a superior claim because they are under the mistaken belief that they have an ownership interest in the car and for spite because Defendants have an ongoing legal conflict over ownership rights to the property and the business that was purportedly sold or purchased between them that has nothing to do with Plaintiff's property rights to his engine and car.

## II. REQUEST FOR IMMEDIATE DECISION

24. Plaintiff requests this Honorable Court to immediately review this Verified Complaint for a Writ of Replevin and the *prima facie* corroborating evidence that confirms the validity of Plaintiff's claim to be restored and make an immediate decision regarding the possession of the Plaintiff engine and car.

25. FRCP Rule 64(a) sets forth a procedure to obtain a Writ of Replevin before entry of a final judgment by utilizing the commencement of an action and throughout the action, every remedy is available that, under the law of the state where the Court is located, provides to secure satisfaction of the potential judgment; and (b) for special kinds of remedies under replevin for 28 USC § 726 Plaintiff is entitled to remedied by attachment

or other process provided by the applicable state law, and the District Court, from time to time, by General Rules, adopt such state laws that might be in force.

26. Specifically, the law provides that this Complaint for prejudgment Writ of Replevin may issue if the Court finds that the Defendant is engaging in, or is about to engage in, conduct that may place the claimed property in danger of destruction, concealment, waste, removal from the state, removal from the jurisdiction of the Court, or transfer to an innocent purchaser during the pendency of the action or that the Defendant has failed to make payment as agreed.

27. If the Plaintiff properly sets forth allegations in an Affidavit or Verified Complaint which establishes the right to issuance of a prejudgment Writ of Replevin, the Court does not have discretion – an order directing issuance of the Writ must be entered.

28. If the Trial Court fails to do so, mandamus can be employed by the Plaintiff do direct the Trial Court to do so without notice to the Party in possession. (*Comcoa, Inc. v. Coe*, 587 So. 2d 474, 478-479 (Fla. 3d DCA 1991).

29. Indeed, it has been held that dissolution of a prejudgment Writ of Replevin has no effect other than to determine the right to possession of property pending final adjudication of the parties' claims. (*Weigh Less for Life, Inc. v. Barnett Bank of Orange Park*, 399 So. 2d 88, 89 (Fla. 1st DCA1981).

30. A judgment following a trial on an ordinary replevin claim will provide the final dispositive ruling on the issue of replevin. (*Traces Fashion Group, Inc. v. C&C Management, Inc.*, 763 So. 2d 502(Fla. 3rd DCA 2000).

31. However, the question of possession is a factual determination for the trial court to make. (*Zuckerman*, 398 So. 2d at 873).

32. Replevin allows for the immediate delivery of disputed property to Plaintiff.

33. Plaintiff has established s superior right of possession and claim of ownership pending final disposition. Plaintiff, having made a better than *prima facie* case sufficient to justify issuance of an order that Defendant's unlawful withholding possession of the engine and car warrants immediate transfer of possession to Plaintiff.

34. Prerequisites for issuing the order to transfer the engine and car to Plaintiff have been met in that Plaintiff has shown through declaration and corroborative evidence that he has a superior right of ownership, that the engine and car has been wrongfully detained by the Defendant, and that the engine and car has not been taken for a tax, assessment, or fine pursuant to statute or seized under an execution or attachment against the Plaintiff.

35. Plaintiff has also testified through his Affidavit that the Defendant's claim is precarious at best. Accordingly, Plaintiff seeks an order transferring the engine and car to Plaintiff and award of all costs of the Court and reasonable Attorney's fees.

### III.   GROUNDS FOR WRIT OF REPLEVIN

36. In short, Plaintiff has shown that he has a superior right to ownership of the dog Fenrir. Plaintiff's Affidavit reveals that Plaintiff is the owner of the engine and car and costs associated therewith until the date the Defendant wrongfully detained the engine and car.

37. In fact, Plaintiff should have control and custody of the engine and car until the final disposition of the case is determined.

38. When one learns that Defendant's refusal to return the engine and car to Plaintiff followed Plaintiff's need to purchase another vehicle, it becomes fairly obvious that the purported justification to withhold the engine and car from Plaintiff is an unjustified inconvenience and overbearing expense.

8

39. The Court can reasonably conclude that the Defendant is withholding the engine and car spitefully and has no basis, in law or fact, to keep the engine and car. Most importantly, **the engine and car is not registered, insured or held in Title to any of the Defendants. It is held in Plaintiff's name.**

## IV. CONCLUSION

**WHEREFORE**, Plaintiff prays for the issuance of a Prejudgment Writ of Replevin Without Notice for the property: a 1994 Ford Mustang GT and for immediate possession of it, damages for the expenses of storage and deprivation of use of personal property in the amount of $175,000.00 and for Attorneys' fees and costs, and for such other and justifiable relief that the Court deems just and proper for Plaintiff.

Jury Trial Demanded for all issues triable by jury.

Date: New York State, Suffolk County.
April 3, 2024.

Respectfully Submitted,

*/s/ Thomas Thompson*
Thomas Thompson
117 Paul's Path #204
Coram, New York 11727